UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ROBERSON,

Plaintiff,

No. 17-13166

v.

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

NORFOLK SOUTHERN RAILWAY CO.,

Defendant.

_______________________________ /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion for Sanctions and Attorney's Fees Pursuant to Rule 11 and Local Rule 83.22 [ECF No. 31]. For the reasons discussed below, I recommend that the motion be GRANTED and that Plaintiff and his attorney be sanctioned, joint and severally, in the amount of $5,000.00, representing Defendant's reasonable attorney fees.[1]

## I. FACTS

On September 9, 2016, Plaintiff filed a civil complaint alleging the Defendant's violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*.

---

[1] Under 28 U.S.C. § 636(b)(1)(B), a Magistrate Judge must dispose of a post-judgment matter by Report and Recommendation. *See United States v. Cagle*, 235 F.R.D. 641, 643, fn. 1 (E.D. Mich. 2006); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

Following mediation on November 29, 2018, the parties reached a settlement, the terms of which were memorialized in a written Settlement Agreement and Release. Defendant's counsel drafted the Agreement and provided it to Plaintiff's counsel for review. Before signing the Agreement, Plaintiff and his attorney had about three months to consider and discuss with Defendant's attorney any perceived flaws or terms that were inconsistent with what was agreed to at the mediation. They did not do so, and on February 19, 2019, they signed the Agreement.

When Plaintiff received the settlement check, he saw that over $19,000.00 had been deducted from the settlement amount to satisfy a lien from the Railroad Retirement Board ("RRB"). On June 13, 2019, Plaintiff, through counsel, filed a Motion to Enforce Judgment [ECF No. 24], which contained declarations of the Plaintiff and his wife to the effect that during the mediation process, they overheard Defendant's counsel make a remark that there was no RRB lien. Plaintiff sought to either have Defendant pay the lien, or to withdraw from the settlement agreement.

On September 25, 2019, I filed a Report and Recommendation ("R&R"), recommending that the Plaintiff's motion be denied [ECF No. 37]. No objections were filed, and the Court adopted the R&R on November 13, 2019 [ECF No. 38]. In the R&R, I applied the principles of contract law to the settlement agreement, and first found that its terms were clear on its face:

> "The written Settlement Agreement in this case is clear on its face. It states that the Settlement Amount will be subject to a RRB lien, and bifurcates the

> payment into an amount representing back wages (which explicitly would be subject to the RRB lien and for which an IRS Form W-2 would be issued), and non-wage damages (which would not be subject to the lien, and for which an IRS Form 1099 would be issued). There being no ambiguity, the Agreement must be enforced as written, which means that the RRB lien was properly withheld from that part of the settlement that represented over two years of back wages." ECF No. 37, PageID.777.

I also found that the Agreement contained an integration clause that provide, "This Agreement contains the entire agreement between the parties hereto, and that the terms of this Agreement are contractual and not a mere recital." I found that this clause precluded Plaintiff from asserting parol evidence as a basis for rescission. ECF No. 37, PageID.777 (citing *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 228 Mich. App. 486, 502, 579 N.W.2d 411, 418 (1998)).

I also rejected Plaintiff's argument that notwithstanding the integration clause, the Agreement was infected by a mutual mistake of fact, i.e., that there was no RRB lien. Specifically, I found that "Plaintiff was decidedly *not* justified in relying on defense counsel's alleged hearsay statement, even if we assume that Mr. Paxton actually made the comment."[2] I based that finding on four factors. First, that the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(o) explicitly entitles the RRB to reimbursement and a lien on any settlement.

Secondly, I noted that Plaintiff, having had three months after the mediation to

---

[2] Defendant's counsel Mr. Paxton was clear–and Plaintiff did not dispute–that he did not make the alleged statement directly to Plaintiff or his wife. Mr. Paxton also indicated that he had no recollection of making the statement to anyone, at any time.

consider the Agreement and discuss it with his attorney, and having exchanged several drafts, signed the Agreement, certifying that he "has carefully read [the Agreement], that he understands its contents, that his attorney has explained all of its contents and ramifications to him, and that he has executed it of his own free will, act, and deed without coercion and with knowledge of the nature and consequences thereof." ECF No. 37, PageID.780.

Third, I noted that Plaintiff did not allege that he informed his attorney about defense counsel's alleged remark before signing the Agreement, adding:

> "And although [Plaintiff's lawyer] Mr. Kessinger states in his own declaration that he first became aware of the RRB lien when he received Mr. Paxton's email on April 4, 2019, he spent months after the mediation negotiating the language of the Agreement, including the language regarding the RRB lien. It fell to him, not to defense counsel, to ascertain the status of the lien and to so advise his client. A failure of due diligence is not a ground to set aside a written agreement on the basis of mistake. Mere expressions of opinion (such as defense counsel's alleged remark) will not support the rescission of a written contract when the true facts can be easily and independently verified." ECF No. 37, PageID.780-781.

Finally, I found that "Plaintiff's request to 'enforce' the Agreement by requiring the Defendant to reimburse the RRB finds no support in the law or in the language of the Agreement." ECF No. 37, PageID.781.

## II. STANDARD OF REVIEW

Rule 11(b) provides that, when an attorney or unrepresented party presents a pleading to the Court, the attorney is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...."

Fed. R. Civ. P. 11(b). Rule 11(c) states that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[3]

## III. DISCUSSION

"[I]n this circuit, the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Mann v. G&G Mfg., Inc*., 900 F.2d 953, 958 (6th Cir. 1990)(citing *Century Products, Inc. v. Sutter*, 837 F.2d 247 (6th Cir. 1988). *See also Kelmedi v. Walsh*, 2019 WL 2296953, at *4 (E.D. Mich. 2019)("Rule 11 sanctions are appropriate when the district court determines that an

---

[3] Rule 11(c)(2) sets forth a "safe harbor" provision that requires that a motion for sanctions not be filed until 21 days after service. "A party seeking Rule 11 sanctions must satisfy the procedural requirements of [Rule 11(c)(2) ], commonly known as the 'safe harbor' provision. This is an 'absolute requirement.' " *Mabbitt v. Midwestern Audit Service, Inc*. 2008 WL 1840620, *1 (E.D. Mich. 2008) (Edmunds, J.), *citing Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997). In this case, Defendant has complied with Rule 11(c)(2).

attorney's conduct is not 'reasonable under the circumstances.' ")(quoting *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003)). Moreover, "[c]ounsel's subjective belief in the propriety of the pleading is irrelevant in determining whether Rule 11 has been violated since that assessment must be made using an objective test of reasonableness under the circumstances." *Elsman v. Standard Fed. Bank (Michigan)*, 238 F. Supp. 2d 903, 908–09 (E.D. Mich. 2003).

This motion for Rule 11 sanctions is based on Defendant's argument that Plaintiff's motion to enforce settlement agreement was frivolous and unsupported by law. As set forth in my R&R, Defendant is right. Plaintiff's motion flew in the face of long-standing principles of law, particularly in view of the clear and unambiguous language of the Agreement regarding the RRB lien, and the statutory *requirement* that the Board had a lien on any settlement. As Defendant's attorney points out, Plaintiff's counsel is experienced in railroad cases, and would have been well aware that the Agreement could not have negated this statutory requirement. There was no reasonable objective basis for Plaintiff's motion.

Thus, Rule 11 sanctions are appropriate. The amount of the sanction is within the Court's discretion and the fees under Rule 11 should be limited to those incurred as a result of the offensive pleading. *See Bodenhamer Bldg. Corp. v. Architectural Research Corp*., 989 F.2d 213, 217 (6th Cir.1993); *Elsman*, 238 F.Supp.2d at 910. *See also Albright v. Upjohn Co.*, 788 F.2d 1217, 1222 (6th Cir. 1986)("The selection of the type of sanction

to be imposed les of course within the district court's sound exercise of discretion." (Quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985).

The offending motion–Plaintiff's motion to enforce settlement–was so clearly contrary to well-established law that opposing it did not require extensive research or preparation. Nor did the present motion for sanctions involve particularly complex or novel issues. I recognize that in addition to fairly simple and straightforward briefing, counsel did appear for oral argument on the underlying motion. In total, I find that a sanction of $5,000.00 reasonably compensates Defendant for the costs incurred as the result of Plaintiff's ill-conceived motion.

## IV. CONCLUSION

I recommend that Defendant's Motion for Rule 11 Sanctions [ECF No. 31] be GRANTED, and that Plaintiff and his attorney be sanctioned, joint and severally, in the amount of $5,000.00, representing Defendant's reasonable attorney fees.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: May 31, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 31, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager