UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ROBERSON,

    Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY CO.,

    Defendant.
_____/

Case No. 16-cv-13166

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

**<u>OPINION AND ORDER:
(1) ADOPTING MAGISTRATE JUDGE WHALEN'S MAY 31, 2020
REPORT AND RECOMMENDATION (ECF NO. 39);
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 40); AND
(3) GRANTING DEFENDANT'S MOTION FOR SANCTIONS
AND ATTORNEY'S FEES PURSUANT TO RULE 11
AND LOCAL RULE 83.22 (ECF NO. 31)</u>**

On May 31, 2020, Magistrate Judge R. Steven Whalen issued a Report and Recommendation to Grant Defendant's Motion for Sanctions and Attorney's Fees Pursuant to Rule 11 and Local Rule 83.22 (ECF No. 31), and recommending that Plaintiff and his attorney be sanctioned, jointly and severally, in the amount of $5,000.00, representing Defendant's reasonable attorney fees. (ECF No. 39, Report and Recommendation ("R&R").) Plaintiff Kenneth Roberson filed Objections to the R&R which are now before this Court for resolution. (ECF No. 40, Plaintiff's Objections to Report and Recommendation ("Pl.'s Obj.").) Defendant Norfolk

Southern Railway Company did not file a response. The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the R&R to which specific and timely objections have been filed, OVERRULES Plaintiff's Objections, ADOPTS the Report and Recommendation, GRANTS Defendant's Motion for Sanctions and Attorney's Fees Pursuant to Rule 11 and Local Rule 83.22 (ECF No. 31), and AWARDS sanctions against Plaintiff and his attorney, jointly and severally, in the amount of $5,000.00.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiff's Complaint and the Parties' Settlement Agreement

On September 9, 2016, Plaintiff filed a civil complaint alleging that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (ECF No. 1.) Following mediation on November 29, 2018, the parties reached a settlement, the terms of which were subsequently memorialized in a written Settlement Agreement and Release. (ECF No. 31-3, Executed Settlement Agreement and Release ("Agreement"), PgID 694-702.) Defendant's counsel drafted the Agreement and the parties exchanged the proposed and revised agreements, eventually culminating in the agreed Agreement. (ECF Nos. 27-4 through 27-7.) Plaintiff and his attorney had about three months to consider and discuss with Defendant's attorney any perceived flaws or terms that were inconsistent with what was agreed to at the mediation. (*See id.*) They did not do so, and Plaintiff and his

attorney signed the final Agreement on February 22 and 28, 2019, respectively. (Agreement, PgID 702.)

Paragraph 1(a) of the Agreement provides as follows:

1. **Settlement Amount.** Based upon and in consideration for the representations, promises, covenants, and conditions stated herein, and if Roberson signs and does not revoke this Agreement as permitted by Section 10 below, the Parties agree to the following:

    (a) Norfolk Southern will pay Roberson the total gross amount of _____("Settlement Amount"),[1] less all applicable deductions, liens (*including any Railroad Retirement Board liens*), taxes, loans, or amounts owed. The Settlement Amount will be allocated as follows:

    (i) _____ of the Settlement Amount will be considered as back wages he alleges he would have earned from September 17, 2015 to November 29, 2018 but for the conduct alleged in his Lawsuit, for which an IRS Form W-2 will issue, *and will be subject to Railroad Retirement Board liens* and all local, state and federal withholdings and other deductions and liens mandated by local, state, and federal law.

    (ii) _____ of the Settlement Amount will be considered as non-wage damages for which an IRS Form 1099 will be issued to Roberson.

(Agreement, PgID 694-95 (emphases added).)

In satisfaction of the parties' settlement, on March 26, 2019, Defendant sent Plaintiff two settlement checks for non-wage payments and a third voided check for

---

[1] The Settlement Amount is subject to a confidentiality agreement, and therefore has been redacted.

wages from which Defendant withheld $10,000 in order to satisfy a portion of the $19,915.33 lien that the Railroad Retirement Board ("RRB") held against Plaintiff. (ECF No. 31-4, March 26, 2019 Letter and Enclosures, PgID 704-09.) Defendant also enclosed a copy of U.S. Railroad Retirement Board Form ID-3u, which describes the $19,915.33 lien held by the RRB against Plaintiff. (*Id.*)

When Plaintiff received the settlement check, he saw that money had been deducted from the settlement amount to satisfy the RRB lien. On April 15, Plaintiff emailed Defendant and advised that "our position is that [Defendant] does not have any right to withhold any of the settlement proceeds by virtue of any RRB lien." (ECF 31-5, 4/15/19 Email, PgID 711.) Defendant advised in response that the lien is required to be satisfied by law, pursuant to the Railroad Unemployment Insurance Act, 42, U.S.C. § 351, *et seq.*, and further directed Plaintiff to the specific language in Paragraph 1(a) of the Settlement Agreement and Release. (ECF No. 31-6, 4/25/19 Email, PgID 714.)

### B. The Court Denies Plaintiff's Motion to Enforce the Settlement Agreement or in the Alternative to Set-Aside Settlement

On June 13, 2019, Plaintiff, through counsel, filed a Motion to Enforce "Settlement Agreement" or in the Alternative to Set-Aside Settlement ("Motion to Enforce"), which contained declarations of the Plaintiff and his wife to the effect that during the mediation process, they overheard Defendant's counsel make a remark that there was no RRB lien. (ECF No. 24, Motion to Enforce.) Plaintiff

4

sought to either have Defendant pay the lien, or to withdraw from the settlement agreement. (*Id.*)

On September 25, 2019, following a hearing, Magistrate Judge Whalen filed a Report and Recommendation ("R&R"), recommending that the Plaintiff's Motion to Enforce be denied. (ECF No. 37, 9/25/19 R&R.) Judge Whalen applied the well settled principles of contract law to the Settlement Agreement, and found that its terms were clear on their face:

> The written Settlement Agreement in this case is clear on its face. It states that the Settlement Amount will be subject to a RRB lien, and bifurcates the payment into an amount representing back wages (which explicitly would be subject to the RRB lien and for which an IRS Form W-2 would be issued), and non-wage damages (which would not be subject to the lien, and for which an IRS Form 1099 would be issued). There being no ambiguity, the Agreement must be enforced as written, which means that the RRB lien was properly withheld from that part of the settlement that represented over two years of back wages.

(9/25/19 R&R at p. 7, PgID 777.)

The R&R also found that the Agreement contained an integration clause that provides: "This Agreement contains the entire agreement between the parties hereto, and that the terms of this Agreement are contractual and not a mere recital." The R&R found that this clause precluded Plaintiff from asserting parol evidence as a basis for rescission. (*Id.* (citing *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 228 Mich. App. 486, 502 (1998).)

The Magistrate Judge also rejected Plaintiff's argument that notwithstanding the integration clause, the Agreement was infected by a mutual mistake of fact, i.e., that there was no RRB lien, specifically finding, for "numerous reasons," that "Plaintiff was decidedly not justified in relying on defense counsel's alleged hearsay statement, even if we assume that Mr. Paxton actually made the comment." (*Id.* at pp. 8-9, PgID 778-79.) That finding was based on four factors: (1) the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(o) explicitly entitles the RRB to reimbursement and a lien on any settlement; (2) Plaintiff had three months after the mediation to consider the Agreement and discuss it with his attorney, exchanged several drafts, and signed the Agreement, certifying that he "has carefully read [the Agreement], that he understands its contents, that his attorney has explained all of its contents and ramifications to him, and that he has executed it of his own free will, act, and deed without coercion and with knowledge of the nature and consequences thereof;" (3) Plaintiff did not allege that he informed his attorney about defense counsel's alleged remark before signing the Agreement, adding:

> And although [Plaintiff's lawyer] Mr. Kessinger states in his own declaration that he first became aware of the RRB lien when he received Mr. Paxton's email on April 4, 2019, he spent months after the mediation negotiating the language of the Agreement, including the language regarding the RRB lien. It fell to him, not to defense counsel, to ascertain the status of the lien and to so advise his client. A failure of due diligence is not a ground to set aside a written agreement on the basis of mistake. Mere expressions of opinion (such as defense counsel's alleged remark) will not support the rescission of a written contract when the true facts can be easily and independently verified[;]

6

and, (4) "Plaintiff's request to 'enforce' the Agreement by requiring the Defendant to reimburse the RRB finds no support in the law or in the language of the Agreement." (*Id.* at pp. 7-11, PgID 777-81.)

No objections were filed to this R&R, and this Court adopted it on November 13, 2019. (ECF No. 38.)

### C. Defendant's Motion for Sanctions and Attorney's Fees Pursuant to Rule 11 and Local Rule 83.22

On August 2, 2019, Defendant filed its Motion for Sanctions and Attorney's Fees Pursuant to Rule 11 and Local Rule 83.22, arguing that Plaintiff's motion to enforce the settlement agreement was frivolous and unsupported by law. (ECF No. 31, Def.'s Mot.) Defendant asserts that Plaintiff's Motion to Enforce "blatantly ignores the plain and unambiguous RRB lien language in the Release" and, tellingly, that "Plaintiff did not even bother to attach a copy of the Release to his Motion, despite the fact that he and his counsel both executed it." (*Id.* at p. 8, PgID 687.) Defendant argues that Plaintiff's motion "seeks to modify the RRB lien language in the Release by having 'the Court order Defendant to pay the lien off,' or, alternatively, "seeks to disavow and set-aside the Release in its entirety," and that such conduct warrants sanctions under Rule 11 and Local Rule 83.22. (*Id.* at p. 9, PgID 688.)

Plaintiff filed a response to Defendant's motion (ECF No. 34), and Defendant filed a reply (ECF No. 35.)

7

### D. The Magistrate Judge's May 31, 2020 Report and Recommendation

On May 31, 2020, Judge Whalen issued his R&R, recommending that Defendant's motion be granted and that Plaintiff and his attorney be sanctioned, jointly and severally, in the amount of $5,000.00, representing Defendant's reasonable attorney fees. (ECF No. 39, R&R.) He noted that "in this circuit, the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." (*Id.* at p. 5, PgID 789, citing *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).) Applying this standard, Judge Whalen agreed that Plaintiff's motion to enforce settlement agreement was "frivolous and unsupported by law," finding:

> Plaintiff's motion flew in the face of long-standing principles of law, particularly in light of the clear and unambiguous language of the Agreement regarding the RRB lien, and the statutory *requirement* that the Board had a lien on any settlement. As Defendant's attorney points out, Plaintiff's counsel is experienced in railroad cases, and would have been well aware that the Agreement could not have negated this statutory requirement.

(*Id.* at p. 6, PgID 790 (emphasis in original).) Judge Whalen then found that "[t]here was no reasonable objective basis for Plaintiff's motion" and that "Rule 11 sanctions are appropriate." (*Id.*)

On June 15, 2020, Plaintiff filed Objections to Magistrate Judge's Report and Recommendation to Grant Defendant's Motion for Sanctions and Attorney's Fees. (ECF No. 40.)

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted).  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705,

9

2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

Plaintiff initially lists seven numbered objections to the R&R in his Objections. (Pl.'s Objs. at pp. 2-3, PgID 794-95.) Plaintiff's brief, however, does not specifically address those seven objections, but instead contains three broader arguments:

> I. Defendant's Counsel's statement was improperly excluded from consideration as parol evidence when it did not vary the terms of the contract and was never presented in an effort to vary the terms of the contract.
>
> II. Defendant's Counsel's statement was improperly excluded from consideration as hearsay when it was never offered for the truth of the matter asserted and was made by a party opponent.
>
> III. Filing the Motion to Enforce was not unreasonable under the circumstances.

(Pl.'s Obj. at pp. 9-17, PgID 801-09.) Arguments I and II appear to encompass the numbered Objections 3-7, and Argument III covers Objections 1 and 2.

### A. Plaintiff's First Two Arguments (Objection Nos. 3-7) are DENIED

Plaintiff's first two arguments – that the Court improperly excluded Defendant's counsel's alleged statement as parol evidence or hearsay in denying Plaintiff's Motion to Enforce – constitute objections to the Court's <u>prior</u> September 25, 2019 R&R and Order denying Plaintiff's Motion to Enforce Settlement

10

Agreement or in the Alternative to Set Aside Settlement (ECF Nos. 37 and 38), and <u>not</u> the present R&R recommending granting Defendant's motion for sanctions and attorneys' fees. Those objections are untimely and waived.

The September 25, 2019 R&R informed the parties that "objections … must be filed within fourteen (14) days of service of a copy" of the R&R and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 37 at p. 11, PgID 781, citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th 1981).) When a party fails to object to a magistrate judge's report and recommendation, he waives further review of his claims by the district court and the circuit court on appeal "[a]s long as [he] was properly informed of the consequences of failing to object[.]" *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Plaintiff did not file any objections to the September 25, 2019 R&R, and on November 13, 2019, this Court entered an Order (1) adopting the R&R and (2) denying Plaintiff's Motion to Enforce Settlement Agreement or in the Alternative to Set-Aside Settlement. (ECF No. 38.) Plaintiff has waived review of this decision.

Further, this ruling became the law of the case. "Under the law-of-the-case doctrine, rulings made at one point in the litigation should continue to govern in subsequent stages of that litigation." *Niemi v. NHK Spring Co.*, 543 F.3d 294, 308

11

(6th Cir. 2008) (citations omitted). Therefore, in this case, the Court has already ruled:

- The Settlement Agreement is clear on its face and states that the Settlement Amount will be subject to a RRB lien;

- The Agreement's integration clause precluded Plaintiff from asserting parol evidence (Mr. Paxton's alleged statement that there was no RRB lien) as a basis for rescission; and

- Plaintiff's argument that the Agreement was infected by mutual mistake is rejected and "Plaintiff was decidedly not justified in relying on defense counsel's alleged hearsay statement, even if we assume that Mr. Paxton actually made the comment" because:

  o The Railroad Unemployment Insurance Act, 45 U.S.C. § 362(o) explicitly entitled the RRB to reimbursement and a lien on any settlement;

  o Plaintiff had three months to consider the Agreement, discussed it with his attorney, exchanged several drafts, and signed the Agreement certifying that he "has carefully read [the Agreement], that he understands its contents, that his attorney has explained all of its contents and ramifications to him, and that he has executed it of his own free will, act, and deed without coercion and with knowledge of the nature and consequences thereof;

  o Plaintiff did not allege he informed his attorney about defense counsel's alleged remark before signing the Agreement; and

  o "Plaintiff's request to 'enforce' the Agreement by requiring the Defendant to reimburse the RRB finds no support in the law or the language of the Agreement."

(ECF No. 37 at pp. 7-11, PgID 777-81.) Plaintiff has waived his right to object to these rulings, and accordingly Plaintiff's first two arguments (and Objection Nos. 3-7) are DENIED.

### B. Plaintiff's Third Argument (Objection Nos. 1 and 2) is DENIED

The Court now turns to Plaintiff's third argument (and Objection Nos. 1 and 2), that filing the Motion to Enforce was not unreasonable under the circumstances and thus Rule 11 sanctions are not warranted. (Pl.'s Obj. at pp. 2, 15-17, PgID 794, 807-09.)

Under Rule 11(b), a party certifies that by presenting a pleading to the court, the pleading is (1) "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying or revising existing laws; and (3) the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11(c) provides that if 'the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

"In this circuit, the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Michigan Division-Monument Builders of N. Am. v. Michigan Cemetery Ass'n*, 524 F.3d 726, 738-39 (6th Cir 2008) (quoting *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). The test of reasonableness under the circumstances is an objective standard. *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988); *see also Knestrick*

*v. Int'l Bus. Mach. Corp.*, 945 F. Supp. 1080, 1082 (E.D. Mich. 1996) ("The question is whether a competent attorney … after appropriate investigation would have reasonably believed the claim was grounded in fact or law."). This objective standard is intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments. *Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005).

Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986). A good-faith belief in the merits of a case is insufficient to avoid Rule 11 sanctions. *Mann*, 900 F.2d at 958. Sanctions are mandatory in the event that the court determines that Rule 11 has been violated, but the court has "wide discretion" in delineating the extent of the sanctions imposed. *Albright*, 788 F.2d at 1222. "The standard for sanctioning parties is the same as that for counsel: reasonableness under the circumstances per Rule 11, or 'in bad faith, vexatiously, wantonly, or for oppressive reasons' under this Court's inherent sanctioning power." *Adams v. Penn Line Serv., Inc.*, 620 F. Supp. 2d 835, 840-41 (N.D. Ohio 2009).

After Plaintiff filed the Motion to Enforce, Defendants filed the Rule 11 motion, after complying with that Rule's safe harbor provisions. (ECF No. 31 at p.

2, PgID 681.)[2] Upon consideration of Defendant's motion, Plaintiff's response, and Defendant's reply, and after a hearing, Judge Whalen issued his R&R, in which he found:

> This motion for Rule 11 sanctions is based on Defendant's argument that Plaintiff's motion to enforce settlement agreement was frivolous and unsupported by law. As set forth in my [prior] R&R, Defendant is right. Plaintiff's motion flew in the face of long-standing principles of law, particularly in view of the clear and unambiguous language of the Agreement regarding the RRB lien, and the statutory *requirement* that the Board had a lien on any settlement. As Defendant's attorney points out, Plaintiff's counsel is experienced in railroad cases, and would have been well aware that the Agreement could not have negated this statutory requirement. There was no reasonable objective basis for Plaintiff's motion.

(ECF No. 39, R&R at p. 6, PgID 790 (emphasis in original).)

In Plaintiff's Objection, he simply disagrees with the Court's ruling on his prior Motion to Enforce, contending that "[j]ust as Mr. Paxton's statement was not hearsay it was not improper parol evidence either. Those improper interpretations of the law underly the decision in the Report and Recommendation that filing the motion to enforce was not reasonable." (Pl.'s Obj. at pp. 15-18, PgID 807-10.) He contends that he asserted "at a minimum, a colorable claim." (*Id.*)

Upon review, this Court agrees with Magistrate Judge Whalen's recommendation that Rule 11 sanctions against Plaintiff and his attorney are

---

[2] Rule 11(c)(2) sets forth a "safe harbor" provision that requires that a motion for sanctions not be filed until 21 days after service.

warranted in this case. The executed Settlement Agreement, entered into by the parties after months of negotiation and revision with their counsel, is clear on its face and expressly states that the Settlement Amount will be subject to a RRB lien, which, by the way, is statutorily required. Plaintiff now contends that he "never sought to introduce a side agreement … nor did [he] seek to change the terms of the deal," (Pl.'s Obj. at p. 17, PgID 809), yet that is exactly what he sought to do in his Motion to Enforce, asking the Court to rewrite the specific terms of the fully executed Agreement regarding the RRB lien, contrary to well-settled principles of contract law that unambiguous contract language must be enforced as written. Moreover, Judge Whalen found that Plaintiff's counsel is a seasoned practitioner in railroad litigation and would have been aware that the lien language was statutorily required to be included in the Agreement. Plaintiff was simply not justified in relying on an allegedly overheard stray remark by Defendant's counsel in light of the Agreement's clear and unambiguous language, which Plaintiff certified he "carefully read," and under the well-settled principles of contract law, and Plaintiff's requests to either set aside the Settlement or to "enforce" the Agreement by ordering Defendant to pay the approximately $19,000 owing to the RRB are without merit, unsupported by the law, and there was no reasonable objective basis for Plaintiff's motion. Accordingly, the Court agrees that Rule 11 sanctions are warranted against Plaintiff and his attorney in this case.

Plaintiff does not object to the amount of the sanction recommended, $5,000.00, and the Court finds that this amount reasonably compensates Defendant for the costs incurred as a result of Plaintiff's unreasonable and meritless motion.

## IV. CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiff's Objections (ECF No. 40);

**(2) ADOPTS** Magistrate Judge Whalen's May 31, 2020 Report and Recommendation (ECF No. 39);

**(3) GRANTS** Defendant's Motion for Sanctions and Attorney's Fees Pursuant to Rule 11 and Local Rule 83.22 (ECF No. 31); and

**(4) SANCTIONS** Plaintiff and his attorney pursuant to Rule 11, jointly and severally, in the amount of $5,000.00, representing Defendant's reasonable attorney fees.

IT IS SO ORDERED.

Dated: August 14, 2020

s/Paul D. Borman
Paul D. Borman
United States District Judge